REPUBLIC MOTOR TRUCK CO. *v.* THE BUDA CO.

1. COURTS—REMOVAL TO FEDERAL COURT—FOREIGN CORPORATIONS—ESTOPPEL.

Although plaintiff, a foreign corporation, successfully invoked the well-known general rule that corporations have no residence beyond the limits of the sovereignty or State by which they are created in opposition to the removal of an action at law by it against another foreign corporation from the State courts to the Federal courts, it would not thereby be estopped from claiming the right of residence in Michigan under the State statute authorizing it to do business in this State, since the Federal authorities govern the question of said removal.

2. FOREIGN CORPORATIONS — DOMESTICATION — COURTS — JURISDICTION.

As dealing with a State law relating to the jurisdiction of its State courts, a State may by legislation domesticate foreign corporations in respect to and for the particular purpose of jurisdiction over them within the State, imposing upon and granting to those desiring to do business within the State the rights, duties, and obligations of domestic corporations.

3. SAME.

Where plaintiff, a foreign corporation, located its corporate residence in Michigan in the city of Alma, Gratiot county, by complying both with all statutory requirements for localization and in local existence by building its manufacturing plant there and conducting its principal business in said city, under the judicature act (3 Comp. Laws 1915, § 12340 *et seq.*) as a plaintiff it could commence an action in Gratiot county against a corporation not organized under the laws of this State.

Certiorari to Gratiot; Lamb (Fred S.), J., presiding. Submitted April 22, 1920. (Docket No. 16.) Decided October 13, 1920.

On the question of acquiring jurisdiction over foreign corporations, see note in 70 L. R. A. 530.

Assumpsit by the Republic Motor Truck Company against The Buda Company for breach of a contract for the manufacture of certain motors. From an order denying a motion to dismiss for want of jurisdiction, defendant brings certiorari. Affirmed.

*John T. Mathews* and *Warren, Cady, Ladd & Hill* (*Dent, Dobyns & Freeman*, of counsel), for appellant.

*Searl & Searl*, for appellee.

STEERE, J. The purpose of this proceeding is to test the jurisdiction of the court in which the above case was commenced. It comes here on writ of certiorari to the circuit court of Gratiot county obtained by defendant to review an order of said court denying application to dismiss said action for want of jurisdiction. The Republic Motor Truck Company is a corporation organized under the laws of the State of New York and authorized to transact business in this State under the terms of our statute upon that subject. It owns and operates a manufacturing plant at Alma, Michigan. The Buda Company is a corporation organized under the laws of the State of Illinois, owning and operating a manufacturing plant at the city of Harvey in that State.

Plaintiff began this suit on December 30, 1918, by summons served on an officer of defendant company who was, when served, in Gratiot county, Michigan. On January 13, 1919, defendant made a motion in said court, supported by affidavit and accompanied by a bond, to remove the case to the district court of the United States for the eastern district of Michigan, northern division, plaintiff at the time filing an affidavit in opposition thereto made by one of its attorneys stating in part:

* * * "that said plaintiff was, prior to the time of the commencement of said action, a corporation

duly authorized and existing under the laws of the State of New York, and has continuously since said time remained and is now organized as such corporation under the laws of said State of New York, and during all of said time has continuously been and is now a resident and citizen of said State of New York, and during all of said time said plaintiff has not been, and is not now either a resident or a citizen of said State of Michigan." * * *

Said motion was heard and denied by the court on that date, January 13, 1919. Plaintiff then, on the same date, filed its declaration. On January 14, 1919, defendant by its counsel filed and served notice of its general appearance in said cause, and on January 27, 1919, plaintiff served a copy of its declaration on defendant's attorney. On January 31, 1919, defendant by its counsel filed and served upon plaintiff's counsel demand for a bill of particulars. On February 17, 1919, plaintiff filed a lengthy amended declaration, comprising some 60 pages of the printed record, stating its cause of action more fully with certain written contracts between the parties for breach of which damages are claimed set out at length in the first two special counts, supplemented by the common counts.

Briefly stated, these contracts provided for the manufacture by defendant at its plant in Harvey, Ill., to be there delivered to plaintiff free on board, certain models and quantities of motors for use by said plaintiff in its motor trucks which it was engaged in manufacturing and assembling in Alma, Michigan. Said undertaking expressly reserved the right to plaintiff of inspecting said motors at Harvey, Ill., before shipment, the same to be paid for in cash, terms of payment "fifteen days net," the purchaser to assume all transportation charges of every nature and all loss or damage "that may accrue to engines or parts thereof while in transit to or from the purchaser." Plaintiff's declaration alleges that its cause of action, based on

breach of those contracts, "accrued to plaintiff within said county of Gratiot." For defendant it is asserted that the contracts provide by their terms for performance by it at Harvey, Ill., and not elsewhere, which by reason of a qualified guarantee of material and workmanship plaintiff denies. In its demand for a bill of particulars defendant especially requested amplification of plaintiff's allegations respecting the place of accrual of the cause of action, and a bill of particulars was filed and served by plaintiff on December 17, 1919.

On March 3, 1919, defendant filed its plea of the general issue with notice in part as follows:

"Now comes the above named defendant, and demands a trial of the matters set forth in the plaintiff's declaration; subject to and limited by all the provisions of, and notices under section 4, chapter 14, and section 12, chapter 14, of the judicature act of Michigan for 1915. * * *

"Please be advised that independent of and antecedent to an issue upon the merits herein, to be raised by the general issue above tendered, the defendant comes and

"*First.* Denies the allegation in the declaration and amended declaration, to the effect that 'the causes of action asserted herein "occurred" to plaintiff within said county of Gratiot' and 'the causes of action asserted herein accrued to plaintiff within said county of Gratiot.' And the defendant hereby raises an issue upon such question of fact so denied as a preliminary question to be tried herein.

"And the defendant gives notice that, upon the coming in of a finding that the said cause of action asserted by plaintiff did not accrue to the plaintiff in the county of Gratiot, and based upon the other facts stated in said declaration and files and records herein, defendant will move the court to dismiss said suit on the ground that this court has no jurisdiction of the parties and subject-matter hereof.

"This issue will be supported by the files, records and proceedings herein, and upon proofs to be tendered upon notice hereunder.

"*Second.* The defendant comes and denies that the plaintiff has made or stated such a cause of action in its declaration herein as entitles it to be heard upon the merits thereof; for the following reasons:" * * *

The jurisdictional question was on due notice heard by the court October 24, 1919, somewhat as a motion to dismiss for want of jurisdiction based on the files and records of the case, the formal order of the court reciting, however, that the matter came on to be heard

"upon the notice for hearing and trial of the jurisdictional issue raised by the notice under the plea of the general issue, as to the place where the cause of action herein accrued, and the court having had before it the proofs and allegations of the respective parties, * * * here finds:

"*First.* That the cause of action asserted in the plaintiff's declaration accrued within the county of Gratiot, and

"*Second.* The said defendant by its actions and proceedings in this cause has submitted its person to the jurisdiction of this court.

"Therefore, the said motion of the said defendant is hereby denied, with costs to plaintiff."

In support of the second finding of the court it is contended for plaintiff that not only did defendant submit itself to the jurisdiction of the court by appearing generally and pleading issuably, but under our practice the interlocutory order of the court in question is not subject to review by certiorari, and much space in the briefs of counsel is devoted to a discussion of those questions with citation and review of authorities urged as applicable. It is the consensus of opinion in this court, however, that the trial court rightly disposed of the preliminary question of jurisdiction within the principles of the first ground stated, and we therefore deem it unnecessary to review the arguments of counsel on other issues raised.

This is a transitory action founded upon contract. For the purposes of litigation a transitory cause of ac-

tion may be said to accrue, in the sense of arising or becoming enforceable, in any county or jurisdiction when the statutory requirements for the place in which such action can be commenced are met. Chapter 10 of the judicature act (3 Comp. Laws 1915, § 12340 *et seq.*) deals, as its title states, with "Place for the Commencement of Actions and Change of Venue." So far as material here it provides in mandatory terms as follows:

"SECTION 1. Actions shall be commenced and tried in the proper county as follows: * * *

"2. All actions founded upon wrongs, and contracts, except as herein otherwise provided, shall be commenced and tried in the county where one of the parties shall reside at the time of commencing such action; * * *

"5. In cases where the plaintiff is a resident of the State of Michigan, suits may be commenced in any county where the plaintiff resides, against any corporation not organized under the laws of this State; and where the plaintiff is a non-resident of the State of Michigan, where the causes of action accrued within the State of Michigan, such plaintiff may bring action in the county where the cause of action accrued." * * *

Both plaintiff and defendant are concededly foreign corporations not organized under the laws of this State. If, as defendant urges, plaintiff is not in contemplation of our domestication law "a resident of the State of Michigan," and the cause of action did not therefore accrue in Gratiot county, that county was not "the proper county" for this action to be "commenced and tried" in.

Plaintiff's counsel urge that under our statute admitting foreign corporations who comply with its requirements to do business within the State, it is as applied to the commencement and defense of actions on a par with domestic corporations, vested in that particular with the same attributes of legal residence and

same corporate rights of domicile, while defendant quite naturally stresses the fact that in opposing its application to remove this case to the Federal court plaintiff made positive and successful denial of its residence in this State, supported by affidavit as quoted, and urges that under the undisputed facts here its contention finds support in decisions of the State of plaintiff's incorporation, as elsewhere, quoting from *Shepard & Morse Lumber Co.* v. *Burleigh,* 27 App. Div. 99 (50 N. Y. Supp. 136), wherein it is said:

"A foreign corporation cannot be a resident of this State. It has but one domicile, namely, in the sovereignty that incorporated it; and while a State may authorize a foreign corporation to do business within its boundaries, such a corporation does not thereby become a resident of that State."

It may be conceded, as urged by defendant, that plaintiff's present attitude seems to present a prompt change of front according to the exigencies of the matter in hand, viewed according to the popular understanding of citizenship and residence; but a corporation is an artificial, intangible personality created by law, incapable of being a citizen of any State in the sense in which the word "citizen" is used in the United States Constitution. It is made by law a fictitious or artificial citizen only for the purposes of its creation and is—

"to be deemed a 'resident' or a 'non-resident' of a particular State, county or district within the meaning of a statute, if it is within the purpose and intent of the statute, as in the case of statutes defining the jurisdiction of the courts, or relating to venue, taxation," etc. 14 Corpus Juris, p. 66.

The strength of plaintiff's opposition to the motion for removal was the well-recognized general rule that corporations have no residence beyond the limits of the sovereignty or State by which they are created, to the

exclusion of their thereafter changing the so acquired corporate citizenship or residence, but as the question then arose we do not find plaintiff estopped from claiming right of residence under our statute by its interlocutory opposition to defendant's application for removal of the cause to the Federal court which, if appealed to, is the final arbiter on that issue regardless of what the State courts may hold. It stood undisputed that plaintiff was originally incorporated in the State of New York. It would seem that its attorney's affidavit could have served it no useful purpose, since the Federal authorities govern the question of removal and the Federal courts hold on such applications that corporations are conclusively presumed to be residents of the State in which they are created, and domestication elsewhere under laws there so authorizing is apparently not recognized as changing their residence for purposes of litigation. (*Amsden* v. *Insurance Co.*, 44 Fed. 515.) If it were, an affidavit would not furnish the test.

We are here dealing with a State law relating to the jurisdiction of our State courts. Aside from that general rule the States may by legislation for themselves and within their limits domesticate foreign corporations *quoad hoc*, in respect to and for the particular purpose of jurisdiction over them within the State, imposing upon and granting to those desiring to conduct their business within the State the rights, duties and obligations of domestic corporations, so that they shall be for all jurisdictional purposes, when having a situs and so operating within the State limits, in legal status and effect domestic corporations.

It is undisputed that plaintiff is a manufacturing corporation with its plant, office and principal place of business located at the city of Alma, Gratiot county, Michigan, there engaged in the manufacture, assembling and sale of motor trucks, parts and repairs, duly

authorized so to do by full compliance with the numerous requirements of chapter 177, 2 Comp. Laws 1915 (§ 9063 *et seq.*), which include the payment of a franchise fee, filing with the secretary of State a certified copy of its charter or articles of incorporation, the appointment of an agent within the State to accept service for the corporation, and a sworn statement by two of its principal officers in form satisfactory to the secretary of State containing the following facts:

"*First,* The location of its principal office and its principal place or places of business, and the names and addresses of its principal officers;

"*Second,* The location of its principal office and the principal place of business in Michigan, and the names and addresses of the officers or agent of the company in charge of its business in Michigan;

"*Third,* The total value of the property owned and used by the company in its business, giving its location and general character and stating separately the value of its tangible property, of its cash and credits, its franchises, patents, trade marks, formulas, good-will;

"*Fourth,* The value of the property owned and used in Michigan and where situated;

"*Fifth,* The total amount of business transacted during the preceding year and the amount of business, if any, transacted in Michigan;

"*Sixth,* Such other facts bearing on the matter as the secretary of State may require, including a statement of the particular purpose, or the particular kind of business for which the company desires admission to this State."

Provision is made for a hearing before the secretary of State relative to said application and section 9066 provides that when such corporation has fully complied with the provisions of the act the secretary of State may issue it a certificate of authority to carry on its business in the State, provided it is incorporated for a purpose for which a corporation may be formed under the laws of Michigan, and,—

"The secretary of State shall in the certificate which

he issues state under what act such corporation is to carry on business in this State, and such corporation shall have all powers, rights and privileges and be subject to all the restrictions, requirements and duties granted to or imposed upon such corporations organized under such act."

In the certificate issued to plaintiff by the secretary of State plaintiff was certified as admitted to engage in its business of manufacturing, assembling, selling, etc., of trucks, parts and repairs, "with all the rights and privileges but subject to all the restrictions, requirements and liabilities of a corporation organized under the provisions of Act No. 232, Pub. Acts 1903," etc. Said Act No. 232 is chap. 175, 2 Comp. Laws 1915 (§ 9017 *et seq.*), entitled "Manufacturing and Mercantile Corporations." Section 13 of that act (§ 9029) provides:

"Every corporation organized or existing under this act shall have power to have succession by its corporate name for the period limited in its charter, or by this act; to sue and be sued in any court of law or equity, with the same rights and obligations as a natural person; to make and use a common seal and alter the same at pleasure"; etc.

Section 2 of article 12 of our Constitution provides:

"All corporations shall have a right to sue and be subject to be sued in all courts in like cases as a natural person."

In *Showen* v. *J. L. Owens Co.*, 158 Mich. 321, where the status of a foreign corporation which had complied with the statute and was domiciled in a business sense within the State was under consideration, section 13 of said Act No. 232 is quoted and it is said:

"The effect of the statutes regulating the transaction of local business in this State by foreign corporations is to make such corporations, as to such business, domestic corporations organized under the act speci-

fied in the certificate of the secretary of State, entitled to and subject to the same remedies as such corporations in the courts of this State."

Under the act specified in the certificate plaintiff on domestication had the power within this State "to sue and be sued in any court of law or equity, with the same rights and obligations as a natural person." As a domesticated corporation for jurisdictional purposes its local existence, situs or domicile in a business and corporate sense is, where its office is located and its principal business carried on.

"A corporation must have a local habitation." *Detroit Transportation Co.* v. *Board of Assessors,* 91 Mich. 382.

"Its residence depends not on the habitation of the stockholders in interest, but on the official exhibition of legal and local existence." Ang. & Ames on Corporations, § 107.

Under that test plaintiff plainly located its corporate residence in Michigan, in the city of Alma, Gratiot county, by complying both with all statutory requirements for localization and in local existence by building its manufacturing plant there and conducting its principal business in said city. Under the judicature act, as a plaintiff there residing it could commence an action in Gratiot county against a corporation not organized under the laws of this State.

For the foregoing reasons the order denying dismissal for want of jurisdiction is affirmed.

MOORE, C. J., and BROOKE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.