**NYBERG**

v.

**MONTGOMERY WARD & CO.**

**No. 453.**

United States District Court, W. D. Michigan, N. D.

Aug. 12, 1954.

Doyle & Doyle and Thurman B. Doyle, Menominee, Mich., for plaintiff.

Barstow & Barstow and George Barstow, and Steven G. Barstow, Menominee, Mich., and John A. Barr, Chicago, Ill., for defendant.

STARR, District Judge.

Plaintiff, a resident and citizen of Michigan, began this action in the circuit court of Menominee county, Michigan, against the defendant, an Illinois corporation admitted to do business in Michigan, which operates one of its retail stores in the city of Menominee in Menominee county. The plaintiff sought to recover damages for her personal injuries sustained in an explosion, which she claims resulted from the defendant's alleged negligence in connection with the disconnecting of a hot-water tank from a cook stove in her home. The action was removed to this court by the defendant on the basis of the diversity of citizenship of the parties, 28 U.S.C.A. § 1441 et seq., and was tried before the court without a jury. On February 4, 1954, the court filed a written opinion, 125 F.Supp. 116 holding that defendant was entitled to a judgment of no cause of action, and on that date judgment was accordingly entered in its favor.

Plaintiff did not at any time prior to the entry of judgment move to remand the action to the circuit court or in any manner question the jurisdiction of this court on removal. In fact, in a pretrial brief plaintiff's counsel in effect admitted that this court had jurisdiction of the parties and the subject matter of the ac-

tion. However, on March 12, 1954, subsequent to the entry of judgment in defendant's favor, plaintiff filed a motion to vacate and set aside the judgment and to remand the action to the circuit court of Menominee county. She bases her motion on the contention that there was no diversity of citizenship entitling the defendant to remove the action to this court; that this court was without jurisdiction; that its judgment was void and should be set aside; and that the action should be remanded to the circuit court. In support of this contention plaintiff claims: (1) that by obtaining permission to do business as a foreign corporation in Michigan and by designating a local agent for service of process, the defendant became a domestic Michigan corporation and, therefore, that there was no diversity of citizenship; (2) that the defendant's right to sue or be sued was governed by the law applicable to a Michigan corporation; and (3) that as its claim of Federal jurisdiction is based on diversity of citizenship, the defendant by obtaining permission to do business in Michigan and by designating a local agent, waived its right under 28 U.S.C.A. § 1391(c) (§ 51 of the former Judicial Code, 28 U.S.C.A. § 112) to have the action brought in a Federal court and also waived its right of removal. The plaintiff's contentions must be considered in connection with the law of Michigan relating to foreign corporations and the applicable Federal statutes relating to venue, jurisdiction, and removal. 28 U.S.C.A. § 1332(a) (1) provides in part:

"(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $3,000 exclusive of interest and costs, and is between:

"(1) Citizens of different States".

28 U.S.C.A. § 1441(a) provides:

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

28 U.S.C.A. § 1391 provides in part:

"(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside: * * *

"(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

It is clear that the State statutes under which foreign corporations are admitted to do business in Michigan[1] were not intended to, and do not,

---

1. Comp.Laws Mich.1948, § 450.93, provides in part:

"Foreign corporations; certificate of authority, procedure to secure; determination of franchise fee. It shall be unlawful for any foreign corporation to carry on its business in this state, until it shall have procured from the secretary of state of this state a certificate of authority for that purpose. To procure such certificate of authority every such foreign corporation shall comply with the following provisions: It shall file in the office of the secretary of state a copy of its charter or articles certified

by the proper officer of the state where such corporation shall have been incorporated, and file evidence of appointment of an agent who may be a natural person or a corporation in this state to accept service of process on behalf of such corporation, and shall pay to the secretary of state the filing and franchise fees prescribed by law."

Comp.Laws Mich.1948, § 450.94, provides in part:

"Same; certificate of authority, issuance, revocation. When such corporation has fully complied with the provisions of this act, the Michigan corporation

make the admitted foreign corporation a domestic Michigan corporation and a citizen of Michigan. Furthermore, Michigan law is not applicable or controlling as to Federal court venue and jurisdiction. In the case of Hinchcliffe Motors, Inc., v. Willys-Overland Motors, Inc., D.C., 30 F.Supp. 580, 584, the court said:

"The question of the jurisdiction of this court, however, must be determined with reference to the rule obtaining in federal courts and is not controlled by state statutes or decisions, Hedrick v. Canadian Pac. Ry. Co., supra (D.C., 28 F.Supp. 257), and this is true also with respect to cases removed from a state court. Goldey v. Morning News, 156 U.S. 518, 15 S.Ct. 559, 39 L.Ed. 517; Mechanical Appliance Co. v. Castleman, 215 U.S. 437, 30 S.Ct. 125, 54 L.Ed. 272."

In support of her contentions plaintiff cites Republic Motor Truck Co. v. Buda Co., 212 Mich. 55, 179 N.W. 474. While the State circuit court in that case refused to permit removal to the Federal court, the Supreme Court of Michigan, on appeal from an order denying the defendant's application to dismiss the action for want of jurisdiction, apparently considered that the question of removal was not directly involved, as it held that the Federal court, if appealed to, was the final arbiter of the question of removal regardless of what the State court might hold. In that case the Supreme Court said, 212 Mich. at page 62, 179 N.W. at page 477:

"The federal authorities govern the question of removal, and the federal courts hold on such applications that corporations are conclusively presumed to be residents of the state in which they are created, and domestication elsewhere under laws there so authorizing is apparently

not recognized as changing their residence for purposes of litigation."

■ Furthermore, it is well established that the right of a foreign corporation to resort to a Federal court in the State where the corporation is doing business cannot be abridged by the State law. In Terral v. Burke Construction Company, 257 U.S. 529, 532, 42 S.Ct. 188, 189, 66 L.Ed. 352, the Supreme Court said:

"The principle established by the more recent decisions of this court is that a state may not, in imposing conditions upon the privilege of a foreign corporation's doing business in the state, exact from it a waiver of the exercise of its constitutional right to resort to the federal courts, or thereafter withdraw the privilege of doing business because of its exercise of such right, whether waived in advance or not."

In Martin's Administrator v. Baltimore and Ohio Railroad Company, 151 U.S. 673, 684, 14 S.Ct. 533, 537, 38 L.Ed. 311, the court said:

"The Baltimore & Ohio Railroad Company, not being a corporation of West Virginia, but only a corporation of Maryland, licensed by West Virginia to act as such within its territory, and liable to be sued in its courts, had the right, under the constitution and laws of the United States, when so sued by a citizen of this state, to remove the suit into the circuit court of the United States, and could not have been deprived of that right by any provision in the statutes of the state."

■ The test as to whether the defendant was entitled to remove the present civil action from the State court to this Federal district court, is whether

and securities commission may issue to such corporation a certificate of authority to carry on such business in this state for 1 year, and from year to year thereafter during the period of its corporate

existence so long as such corporation continues to pay its privilege fee and to otherwise comply with the laws of this state".

this court would have had original jurisdiction of the action. 28 U.S.C.A. § 1441(a). In considering the question of jurisdiction and removal in Central States Co-ops v. Watson Bros. Transp. Co., 7 Cir., 165 F.2d 392, the court said at page 394:

> "Jurisdiction cannot be waived; neither can it be acquired by assent of the parties. * * * Jurisdiction is subject to the same test where the case is before the court on removal from a State court as though it had been originally brought in the Federal court."

In Sabin v. Home Owners' Loan Corporation, 10 Cir., 147 F.2d 653, 655, 656, the court said:

> "The test for determining the removability of an action is whether the United States Court might have exercised original jurisdiction." (See authorities cited.)

In Southern Railway Company v. Allison, 190 U.S. 326, 23 S.Ct. 713, 47 L.Ed. 1078, the plaintiff began suit in the State court of North Carolina against the railway company, a Virginia corporation. The State statute of North Carolina provided that a foreign railroad company which desired to own property or carry on business in that State "shall become a domestic corporation of the state of North Carolina by filing in the office of the secretary of state a copy of its charter". Pub.Acts 1899, c. 62. The State statute further provided: "It may sue and be sued in all courts of this state and shall be subject to the jurisdiction of the courts of this state as fully as if such corporation were originally created under the laws of the state of North Carolina." The defendant railway company, which had complied with the State statute, removed the action to the United States circuit court. When the State supreme court refused to recognize the validity of the order of removal, an appeal was taken to the Supreme Court of the United States. In reversing the State court, the Supreme Court said, 190 U.S. 337, 23 S.Ct. 717:

> "A corporation may be made what is termed a domestic corporation, or in form a domestic corporation, of a state in compliance with the legislation thereof, by filing a copy of its charter and by-laws with the secretary of state, yet such fact does not affect the character of the original corporation. It does not thereby become a citizen of the state in which a copy of its charter is filed, so far as to affect the jurisdiction of the Federal courts upon a question of diverse citizenship."

See also Madisonville Traction Company v. Saint Bernard Mining Company, 196 U.S. 239, 244, 25 S.Ct. 251, 49 L.Ed. 462; Baltimore and Ohio Railroad Company v. Koontz, 104 U.S. 5, 10–13, 26 L.Ed. 643; Peters v. Standard Oil Co. of Texas, 5 Cir., 174 F.2d 162; Miller v. Southern Bell Telephone & Telegraph Co., 4 Cir., 279 F. 806, 808, 809; Thomas v. South Butte Mining Co., 9 Cir., 230 F. 968; Jakubowski v. Central R. Co. of New Jersey, D.C., 88 F. Supp. 258; Gorgone v. Maryland Casualty Co., D.C., 32 F.Supp. 150; Silverstein v. Pacific Mut. Life Ins. Co. of California, D.C., 16 F.Supp. 315; Earle C. Anthony, Inc., v. National Broadcasting Co., Inc., D.C., 8 F.Supp. 346; Hayat Carpet Cleaning Co., Inc., v. Northern Assur. Co., Limited, of London, D.C., 2 F.Supp. 469.

The plaintiff in the present case relies on Neirbo Co. v. Bethlehem Shipbuilding Corp., Ltd., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, as sustaining her contention that by qualifying to do business in Michigan as a foreign corporation and appointing a resident agent, the defendant became a domestic Michigan corporation and a citizen of Michigan, and, therefore, that there was no diversity of citizenship entitling it to removal. In the Neirbo case the defendant, a Delaware corporation, in compliance with the New York State General Corporation Law, McK.Consol.Laws, c. 23, had designated one Brown as its agent and person upon whom summons could be served in that State. On the

basis of diversity of citizenship the plaintiff began suit against the defendant in the United States District Court for the Southern District of New York. As stated in the opinion, 308 U.S. 167, 60 S.Ct. 154, the suit was not brought " 'in the district of the residence of either the plaintiff or the defendant.' (§ 51 of the Judicial Code, Act of March 3, 1887, 24 Stat. 552, as corrected by Act of August 13, 1888, 25 Stat. 433, 28 U.S.C. § 112.²)" In reversing the court of appeals' affirmance of the district court's order setting aside the service of process on defendant and dismissing the complaint, the Supreme Court in its majority opinion said, 308 U.S. at pages 167–175, 60 S.Ct. at page 154:

"The sole question in the case is whether § 51 is satisfied by the designation by a foreign corporation of an agent for service of process, in conformity with the law of a state in which suit is brought against it in one of the federal courts for that state. * * *

"Section 51 'merely accords to the defendant a personal privilege respecting the venue, or place of suit, which he may assert, or may waive, at his election.' Commercial [Casualty] Ins. Co. v. [Consolidated] Stone Co., 278 U.S. 177, 179, 49 S.Ct. 98, 99, 73 L.Ed. 252. * * *

"It took half a century of litigation in this Court finally to confer on a corporation, through the use of a fiction, citizenship in the chartering state for jurisdictional purposes. Compare Lafayette Ins. Co. v. French, 18 How. 404, 15 L.Ed. 451 with Hope Ins. Co. v. Boardman, 5 Cranch 57, 3 L.Ed. 36. Throughout, the mode of thought was metaphorical. The classic doctrine was that a corporation 'must dwell in the place of its creation, and cannot migrate to another sovereignty.' Bank of Augusta v. Earle, 13 Pet. 519, 588, 10 L.Ed. 274. Logically applied, this theory of non-migration prevented suit in a non-chartering state, for the corporation could not be there. And such was the practice of the circuit courts until the opinion of Chief Justice Waite in Ex parte Schollenberger, 96 U.S. 369, 24 L.Ed. 853, displaced metaphor with common sense. * * * The fact that corporations did do business outside their originating bounds made intolerable their immunity from suit in the states of their activities. And so they were required by legislatures to designate agents for service of process in return for the privilege of doing local business. That service upon such an agent, in conformity with a valid state statute, constituted consent to be sued in the federal court and thereby supplanted the immunity as to venue, was the rationale of Schollenberger's case. * * *

"Other courts have adhered to the practice established by Schollenberger's case. We deem this practice sound, and it controls the present case. * * *

"In finding an actual consent by Bethlehem to be sued in the courts of New York, federal as well as state, we are not subjecting federal procedure to the requirements of New York law. We are recognizing that 'state legislation and consent of parties may bring about a state of facts which will authorize the courts of the United States to take cognizance of a case.' Ex parte Schollenberger, supra, 96 U.S. at page 377, 24 L.Ed. 853."

2. Section 112 reads in part: "Except as provided in * * * sections 113 to 118 of this title, no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

It seems obvious that the plaintiff in the present case has confused venue with jurisdiction. The Neirbo case was begun, on the basis of diversity of citizenship, in a Federal court in a district in which neither the plaintiff nor the defendant resided, and no question of removal from a State court was involved. The sole question decided was that of venue; that is, the Supreme Court held that the defendant, a foreign corporation, by the appointment of a resident agent in New York upon whom process could be served, had thereby consented to be sued in the Federal district court in New York, and had waived the Federal venue requirement that suit be brought only in the district of the residence of either the plaintiff or the defendant. A careful reading of the opinion in the Neirbo case clearly indicates that it does not in any way support plaintiff's contentions in the present case.

The plaintiff also cites and relies upon American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702. In that case the plaintiff, a citizen of Texas, began suit in a Texas State court against the American Fire and Casualty Company, a Florida corporation, the Indiana Lumbermens Mutual Insurance Company, an Indiana Corporation, and one Joe Reiss, a resident and citizen of Texas. The two defendant corporations, on the basis of diversity of citizenship, removed the action to the United States district court, and upon trial judgment was entered against defendant American Fire and Casualty Company. No recovery was granted as to defendants Indiana Lumbermens Mutual Insurance Company and Joe Reiss. The motion of the American Fire and Casualty Company to vacate the judgment and remand the case to the State court was denied, and the court of appeals affirmed. Certiorari was granted, and the Supreme Court reversed the appellate court and directed that the judgment be vacated and that the case be remanded to the State court. The decision was based solely on the ground

that as plaintiff Finn and defendant Reiss were both citizens of Texas, Federal jurisdiction was barred, because the plaintiff did not establish a separate and independent claim or cause of action against defendant Reiss as required for removability under 28 U.S.C.A. § 1441 (c), which provides that "whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed". The Supreme Court said in part, 341 U.S. at pages 11–18, 71 S.Ct. at page 539:

"Congress has authorized removal now under § 1441(c) only when there is a separate and independent claim or cause of action. * * *

"In this case, however, the District Court would not have had original jurisdiction of the suit, as first stated in the complaint, because of the presence on each side of a citizen of Texas. 28 U.S.C. § 1332, 28 U.S.C.A. § 1332. The posture of this case even at the time of judgment also barred federal jurisdiction. A Texas citizen was and remained a party defendant. * * *

"The jurisdiction of the federal courts is carefully guarded against expansion by judicial interpretation or by prior action or consent of the parties. To permit a federal trial court to enter a judgment in a case removed without right from a state court where the federal court could not have original jurisdiction of the suit even in the posture it had at the time of judgment, would by the act of the parties work a wrongful extension of federal jurisdiction and give district courts power the Congress has denied them."

It is clear that the decision of the Supreme Court in the above Finn case has no bearing whatever on the question presented by the plaintiff's motion in the present case to set aside the judgment of this court and remand the case to the circuit court of Menominee coun-

ty. In the present case there is diversity of citizenship, and no question regarding "a separate and independent claim or cause of action" under 28 U.S.C.A. § 1441(c) is involved.

In support of her contention that there is no diversity of citizenship in the present case entitling the defendant to remove, plaintiff also cites and relies upon Memphis and Charleston Railroad Company v. Alabama, 107 U.S. 581, 2 S.Ct. 432, 27 L.Ed. 518, decided in 1882. In that case the State of Alabama began suit against the railroad company to recover certain assessed taxes. The defendant railroad removed the action to the circuit court of the United States on the ground that as it was a citizen of Tennessee and the plaintiff was a citizen of Alabama, there was diversity of citizenship. In affirming the order of the circuit court remanding the action to the State court of Alabama, the Supreme Court said in part, 107 U.S. at pages 584, 585, 2 S.Ct. at page 435:

"The whole (State legislative) act, taken together, manifests the understanding and intention of the legislature of Alabama that the corporation, which was thereby granted a right of way to construct through this state a railroad, * * * was and should be in law a corporation of the state of Alabama, although having one and the same organization with the corporation of the same name previously established by the legislature of Tennessee. The subsequent acts of the state of Alabama point in the same direction, and each speaks of the company (defendant railroad) as incorporated or chartered by the legislature of Alabama. * * *

"The defendant, being a corporation of the state of Alabama, has no existence in this state as a legal entity or person, except under and by force of its incorporation by this state; and, although also incorporated in the state of Tennessee, must, as to all its doings within the state of Alabama, be considered a citizen of Alabama, which cannot sue or be sued by another citizen of Alabama in the courts of the United States."

 It is clear that the decision in the Memphis and Charleston Railroad Company case has no application to or bearing upon the question of diversity of citizenship and right of removal involved in the present case. In that case the defendant railroad company was expressly chartered and made an Alabama corporation by the act of the legislature of that State. In the present case the defendant Montgomery Ward and Company, an Illinois corporation, was not granted a charter by Michigan legislative enactment; it was merely granted a license to do business in Michigan. The obtaining of a license to do business in Michigan and the appointment of a resident agent did not make it a domestic Michigan corporation and a citizen of Michigan, and did not deprive it of its right under 28 U.S.C.A. § 1441(a) to remove the action to this Federal court. The distinction between the granting of a charter and the issuance of a license to do business as a foreign corporation was pointed out in Martin's Administrator v. Baltimore and Ohio Railroad Company, 151 U.S. 673, at page 677, 14 S.Ct. 533, at page 535, 38 L.Ed. 311, where the Supreme Court said:

"A railroad corporation, created by the laws of one state, may carry on business in another, either by virtue of being created a corporation by the laws of the latter state also, as in [Indianapolis and St. Louis] Railroad Company v. Vance, 96 U.S. 450, [24 L.Ed. 752]; Memphis & Charleston Railroad Company v. Alabama, 107 U.S. 581, 2 S. Ct. 432, [27 L.Ed. 518]; Clark v. Barnard, 108 U.S. 436, 2 S.Ct. 878 [27 L.Ed. 780]; Stone v. Farmers' [Loan & Trust] Co., 116 U.S. 307, 6 S.Ct. 334, 388, 1191 [29 L.Ed. 636]; and Graham v. Boston, Hartford & Erie Railroad Co., 118 U.S. 161, 6 S.Ct. 1009 [30 L.Ed. 196]; or by virtue of a license, permis-

sion or authority, granted by the laws of the latter state, to act in that state under its charter from the former state. [Baltimore and Ohio] Railroad Company v. Harris, 12 Wall. 65 [20 L.Ed. 354]; [Baltimore and Ohio] Railroad Company v. Koontz, 104 U.S. 5 [26 L.Ed. 643]; Pennsylvania Railroad Company v. St. Louis, A. & T. H. Railroad Co., 118 U.S. 290, 6 S.Ct. 1094 [30 L.Ed. 83]; Goodlett v. Louisville & Nashville Railroad Co., 122 U.S. 391, 7 S.Ct. 1254 [30 L.Ed. 1230]; Marye v. Baltimore & Ohio Railroad Co., 127 U.S. 117, 8 S.Ct. 1037 [32 L.Ed. 94]. In the first alternative, it cannot remove into the circuit court of the United States a suit brought against it in a court of the latter state by a citizen of that state, because it is a citizen of the same state with him. Memphis & Charleston Railroad Company v. Alabama, above cited. In the second alternative, it can remove such a suit, because it is a citizen of a different state from the plaintiff. [Baltimore and Ohio] Railroad Company v. Koontz, above cited."

In Patterson v. American National Red Cross, D.C., 101 F.Supp. 655, 656, the court said:

"For the purpose of jurisdiction in the courts of the United States, a corporation is to be deemed a citizen of the state creating it, and the fact that it does business in another state, or even the fact that it agreed, as a condition of being permitted to transact business in another state, that it may be sued therein, does not make it a citizen of the latter state so as to deprive the Federal Courts of jurisdiction. Louisville, Cincinnati & Charleston R. Co. v. Letson, 2 How. 497, 11 L. Ed. 353; Barrow Steamship Co. v. Kane, 170 U.S. 100, 18 S.Ct. 526, 42 L.Ed. 964; Southern R. Co. v. Allison, 190 U.S. 326, 23 S.Ct. 713, 47 L.Ed. 1078."

The law applicable to the defendant's right to remove the present action from the circuit court of Menominee county to this Federal court is well summarized in 2 Cyclopedia of Federal Procedure, 3d Ed., § 3.50, page 254, as follows:

"A corporation created by the laws of one state may carry on business in another either by virtue of being created a corporation by the laws of the latter also, or by virtue of a license, permission or authority granted by the laws of the latter state to act in that state under its charter from the former state. In the first alternative it cannot remove into a federal court an action brought against it in a court of the latter state by a citizen of that state, because it is a citizen of the same state with him. In the second alternative, it can remove the suit because it is a citizen of a different state from that of plaintiff. There is no new corporation in such case, but only added powers and privileges granted to an existing body, which remains a corporation of the state by which it was originally chartered. Removal is not precluded by the fact that defendant foreign corporation owns property or does business in the state where the action is brought or pending, and of which plaintiff is a citizen; or files its articles of incorporation with the secretary of that state, or that suit and service against it are authorized in the state; or that it has a resident agent within the state upon whom process may be served."

█ The plaintiff in the present case is a citizen of Michigan. The defendant Montgomery Ward and Company is an Illinois corporation admitted to do business in Michigan. Therefore, on the basis of diversity of citizenship, this district court would have had original jurisdiction of this civil action under 28 U.S.C.A. § 1332(a) (1). As this court would have had original jurisdiction of the action, it has jurisdiction upon re-

moval under 28 U.S.C.A. § 1441(a). There is no justification or legal basis for plaintiff's contention that the defendant is a domestic Michigan corporation and a citizen of Michigan and that there is no diversity of citizenship.

In summary, the court concludes: (1) that for the purposes of venue and jurisdiction, the plaintiff is a citizen of Michigan and the defendant is a citizen of Illinois; (2) that this court, would have had original jurisdiction of this action, as there was diversity of citizenship and the requisite jurisdictional amount was involved; and (3) that the defendant was entitled to remove this action from the State court to this Federal district court.

Therefore, plaintiff's motion to set aside the judgment of this court and remand the action to the circuit court of Menominee county is denied. An order will be entered in accordance with this opinion. No costs are allowed in connection with this motion.